**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2013

No. 12-20428

Lyle W. Cayce
Clerk

NAT'L UNION FIRE INS. CO OF PITTSBURGH, PA,

Plaintiff-Appellee,

v.

CONTINENTAL CARBON CO.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:10-cv-02379

Before STEWART, Chief Judge, and SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

This case involves an insurance coverage dispute which stems from six underlying suits ("the pollution suits") filed by various plaintiffs alleging exposure to dust and particulate pollution discharged by the defendant, Continental Carbon Company ("CCC").[1]  National Union Fire Insurance Company of Pittsburgh, PA ("National Union") insured CCC over a period of years under several primary and umbrella insurance policies.  CCC sought

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] All six underlying suits have now been resolved, one by trial and five by settlement.

No. 12-20428

defense and indemnity from National Union in the pollution suit proceedings under the umbrella insurance policies. National Union denied CCC's request, citing the plain language of the policies, the pollution exclusions contained therein, and the inapplicability of the corresponding exceptions to those exclusions.

After the conclusion of various other state court, federal district court, and arbitration proceedings, National Union and CCC both filed motions for partial summary judgment in federal district court in Houston, Texas. The district judge rendered summary judgment in favor of National Union, holding that it did not have a duty to defend or indemnify CCC in the pollution suits under any of the umbrella insurance policies effective between the parties from 1995-2001.[2] CCC filed the instant appeal.

This court reviews a district court's grant of summary judgment de novo. *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 612 (5th Cir. 2012). The interpretation of an insurance contract is also reviewed de novo. *Id*. The parties do not dispute that Texas law applies in these proceedings.

After hearing the parties' arguments on appeal, and after reviewing the briefs, the record, the insurance policies at issue, the applicable statutory and case law, and the district court's summary judgment and reasoning, we AFFIRM the district court's judgment and adopt its analysis in full.[3]

---

[2] The district court also granted both of National Union's Motions to Strike late-filed evidence submitted by CCC, neither orders of which are appealed by CCC.

[3] CCC is correct that the district court incorrectly stated that, because it found no duty to defend, National Union therefore owed no duty to indemnify. *See Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 601 (5th Cir. 2011) (stating that "[t]he duty to indemnify is separate and distinct from the duty to defend."). However, the district court's ultimate holding that National Union did not have a duty to indemnify under the policies was nevertheless correct because when there is no coverage under a policy for a loss, no indemnity is owed. *See generally Delta Seaboard Well Servs. v. Am. Int'l Specialty Lines Ins. Co.*, 602 F.3d 340 (5th Cir. 2010).